**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-CV-26486-RAR**

**JUNIOR ERNST BATALIER,**

Petitioner,

v.

**U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT AND REMOVAL OPERATIONS, FIELD OFFICE DIRECTOR**, *et al.*,

Respondents.
_______________________________________________/

**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

**THIS CAUSE** comes before the Court upon Petitioner Junior Ernst Batalier's Petition for Writ of Habeas Corpus ("Petition"), [ECF No. 1], filed on September 18, 2026. Petitioner alleges that he has been unlawfully committed to detention and asks the Court, *inter alia*, to order an individualized bond hearing before an Immigration Judge. *See* Pet., Prayer for Relief. On September 25, 2026, Respondents filed a Response in Opposition to the Petition for a Writ of Habeas Corpus ("Response"), [ECF No. 5]. Petitioner filed a Reply to Respondents' Response in Opposition to Petition for Writ of Habeas Corpus ("Reply"), [ECF No. 7], on September 30, 2026. The Court having reviewed the Petition, the relevant submissions, and applicable law, it is hereby

**ORDERED AND ADJUDGED** that the Petition, [ECF No. 1], is **GRANTED IN PART** for the reasons set forth herein.

## BACKGROUND

Petitioner is a native of Haiti who has resided in the United States since October 2023. Pet. ¶ 2. On October 15, 2023, Petitioner sought admission and was paroled into the United States pursuant to the Haitian Humanitarian Parole program. *Id.* ¶ 26; [ECF No. 1-3]; Resp. at 2. His parole was valid until June 12, 2025. Resp. at 2.

Petitioner remained in the United States beyond June 12, 2025. *Id.*; Pet. ¶ 6 ("Petitioner has maintained residence in Miami, Florida, since his entry into the United States."). On July 16, 2026, Petitioner filed a Form I-589 Application for Asylum and for Withholding of Removal, which remains pending. Pet. ¶¶ 3, 28; [ECF No. 1-4]. Petitioner also has a pending removal proceeding before the Miami Immigration Court. Pet. ¶¶ 4, 27.

On September 4, 2026, Petitioner, who has no prior criminal history, was taken into custody by United States Immigration and Customs Enforcement, Enforcement and Removal Operations, during an immigration enforcement operation in Miami, Florida. *Id.* ¶¶ 7–8, 30–31; Resp. at 2. The Department of Homeland Security subsequently issued a Notice to Appear on September 15, 2026, charging Petitioner as inadmissible under § 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA") as an arriving alien without valid entry documents. Resp. at 2. To date, Petitioner remains detained at Krome North Service Processing Center in Miami, Florida. Pet. ¶¶ 7, 30; [ECF No. 1-7]; Resp. at 2; [ECF No. 5-8].

On September 18, 2026, Petitioner filed this action requesting that the Court "[o]rder Respondents to provide Petitioner with an individualized bond hearing . . . ." Pet., Prayer for Relief. "[I]f [Respondents] fail to provide the required individualized bond hearing or otherwise cannot establish lawful authority for his continued detention," Petitioner seeks his release from custody. *Id.*

## LEGAL STANDARD

Under 28 U.S.C. § 2241, federal district courts "within their respective jurisdictions" have the authority to hear applications for habeas corpus by any person who claims to be held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. The "essence of habeas corpus is an attack by a person in custody upon the legality of that custody," and thus to be within the "core of habeas corpus," a petitioner must seek "either immediate release from that confinement or the shortening of its duration." *Prieser v. Rodriguez*, 411 U.S. 475, 484, 489 (1973). Federal courts are authorized by § 2241 to hear challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001) (noting that "28 U.S.C. § 2241[] confers jurisdiction upon the federal courts to hear" challenges to the "lawfulness of immigration-related detention").

## ANALYSIS

Before reaching the Petition's merits, the Court will address one threshold issue—the fact that Petitioner named improper Respondents. A writ of habeas corpus should "be directed to the person having custody of the person detained." 28 U.S.C. § 2243. When a petitioner challenges his "present physical confinement," the Supreme Court has held that "the immediate custodian, not the supervisory official who exercises legal control, is the proper respondent." *Rumsfeld v. Padilla*, 542 U.S. 426, 439 (2004). Since Petitioner is currently detained at the Krome North Service Processing Center, Respondents contend that "the immediate custodian in charge of Krome is the only proper respondent." Resp. at 1 n.1. In the Eleventh Circuit, "courts may *sua sponte* order substitution for the proper respondent[,] as 'denial of a habeas petition for failure to name the proper respondent would give an unreasonably narrow reading to the habeas corpus statute.'" *Mayorga v. Meade*, No. 24-22131, 2024 WL 4298815, at *3 (S.D. Fla. Sept. 26, 2024)

(quoting *Jackson v. Chatman*, 589 F. App'x 490, 491 n.1 (11th Cir. 2014)); *see also Buriev v. Warden, GEO, Broward Transitional Ctr.*, No. 25-60459, 2025 WL 2763202, at *2 (S.D. Fla. Sept. 26, 2025). Accordingly, the Court **DISMISSES** U.S. Immigration and Customs Enforcement and Removal Operations, Field Office Director; U.S. Immigration and Customs Enforcement, Acting Director; U.S. Department of Homeland Security, Secretary; and U.S. Attorney General as improperly named Respondents.

Turning to the merits, the adjudication of this Petition hinges largely on whether Petitioner is properly detained under 8 U.S.C. § 1225(b)(2) or 8 U.S.C. § 1226(a). Because of this, Petitioner seeks clarification regarding "the statutory provision upon which [Respondents] rely to authorize his current detention . . . ." Pet. ¶ 43. "To the extent Respondents are treating Petitioner as subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), such detention is inconsistent with *Hernandez Alvarez* [*v. Warden*, 175 F.4th 1258 (11th Cir. 2026),] and Petitioner is entitled to an individualized bond hearing pursuant to 8 U.S.C. § 1226(a)." *Id.* ¶ 15. Respondents contend that Petitioner is an arriving alien subject to detention under § 1225(b)(2); therefore, he may be detained without a bond hearing pending the conclusion of his removal proceedings. Resp. at 2–8.

In *Hernandez Alvarez*, the Eleventh Circuit concluded that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." 175 F.4th at 1276. The Eleventh Circuit held that "[t]he text and statutory structure of the INA, bolstered by the long history of detention across our immigration laws and the congressional purpose in passing IIRIRA, yield the conclusion that no-bond detention generally applies to arriving aliens seeking lawful entry to the country, and not to aliens who are simply present here." *Id.* at 1262. And it rejected the contention that "Petitioners' mere presence in the interior transforms them into applicants who are 'seeking admission;' since applicants for admission may

withdraw their application by simply leaving the country." *Id.* at 1269. The Court also relied on the Supreme Court's opinion in *Jennings v. Rodriguez*, which "observed that § 1226 'generally governs the process of arresting and detaining' aliens 'present in the country,' including aliens 'who were inadmissible at the time of entry or who have been convicted of certain criminal offenses since admission.'" *Id.* at 1279 (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 288–299 (2018)).

While the Eleventh Circuit's opinion did not specifically address Petitioner's circumstances as an individual initially paroled into the country, this Court has found that the reasoning of *Hernandez Alvarez* is applicable to individuals like Petitioner—individuals who have been paroled into the United States, have had that parole expire, and then remained in the United States. *Sylvaince v. Warden, Miami Federal Detention Cetner FDC, E.K. Carlton, et al.*, No. 26-23991, 2026 WL 2568522, at *3 (S.D. Fla. Aug. 31, 2026). Petitioner was detained within the interior of the United States—not at the border. *Hernandez*, 175 F.4th at 1286 (recognizing "the longstanding border-interior distinction for purposes of [immigration] detention"). And the record does not reflect that Petitioner was "seeking lawful entry after inspection and authorization by an immigration officer"—indeed, he was "not applying for entry in any literal sense when [he was] detained." *Id.* at 1269 (internal quotation marks omitted).

Respondents seek to distinguish *Hernandez Alvarez* on the basis that Petitioner belongs to "a narrower category of applicants for admission: i.e., those previously admitted, returned to their original status, and now seeking lawful entry into the United States." Resp. at 5. But as stated above, Petitioner's prior status as a parolee does not mean he was seeking admission when he was detained. Respondents also cite 8 U.S.C. § 1182(d)(5)(A), which authorizes the DHS Secretary to grant a discretionary and temporary "parole into the United States" to any "alien applying for

admission to the United States" on "a case-by-case basis for urgent humanitarian reasons or significant public benefit." 8 U.S.C. § 1182(d)(5)(A). And "when the purposes of such parole . . . have been served the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States." 8 U.S.C. § 1182(d)(5)(A). The Court, however, declines to adopt Respondents' interpretation of § 1182(d)(5)(A).

While the expiration of § 1182(d)(5)(A) parole returns the parolee "to the custody from which he was paroled," this Court, as well as many across the country, have held that the expiration of § 1182 parole does not require treating the alien as if he had never been paroled in the first place. *See Sylvaince*, 2026 WL 2568522, at *3; *see also Zaga Tawil v. Cardinal*, No. 26-22521, 2026 WL 2198539, at *5 n.2 (S.D. Fla. July 30, 2026) (collecting cases). Instead, these courts reason that "[s]ection 1182(d)(5)(A) suggests that rather than reverting to any prior status, a noncitizen whose parole has expired is treated like the vast majority of undocumented immigrants currently living in this country who are not subjected to expedited removal." *Rodriguez Valencia v. Noem*, No. 26-00297, 2026 WL 730318, at *5 (M.D. Fla. Mar. 16, 2026) (quoting *Rodriguez-Acurio v. Almodovar*, 811 F. Supp. 3d 274, 302 (E.D.N.Y. 2025)). Accordingly, "based on the border-interior distinction instantiated in § 1225 and § 1226, an alien like Petitioner—who is re-detained in the interior after living in the United States for years—is properly re-detained only under § 1226(a)." *Zaga Tawil*, 2026 WL 2198539, at *5 n.2. This approach is consistent with the *ratio decidendi* of *Hernandez Alvarez*. Thus, the Court finds that § 1226(a) governs Petitioner's detention and Petitioner is entitled to an individualized bond hearing.

To the extent the Petition presents other claims arising under the Due Process Clause, the Court need not reach the merits of those claims. *See, e.g.*, *Puga v. Assistant Field Off. Dir.*,

*Krome N. Serv. Processing Ctr.*, No. 25-24535, 2025 WL 2938369, at *6 (S.D. Fla. Oct. 15, 2025). "Should Respondents fail to comply with this Order by providing Petitioner a bond hearing, Petitioner may renew [these claims]." *Id.* (explaining that petitioner's due process claim is not ripe because it is "contingent on Petitioner not receiving a custody determination hearing under 8 U.S.C. section 1226(a)").

**CONCLUSION**

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Petitioner Junior Ernst Batalier's Petition for Writ of Habeas Corpus, [ECF No. 1], is **GRANTED IN PART**.

2. Respondent, Warden, Krome North Service Processing Center, shall afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or otherwise release Petitioner.

3. All deadlines are **TERMINATED**, and any pending motions are **DENIED as moot**.

4. The Clerk shall **CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida, this 25th day of November, 2026.

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**